Friedman v Bloomberg, L.P. (2024 NY Slip Op 04602)

Friedman v Bloomberg, L.P.

2024 NY Slip Op 04602

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 152952/21 Appeal No. 2639 Case No. 2023-06013 

[*1]Abby Friedman, Plaintiff-Respondent,
v
Bloomberg, L.P., Defendant-Appellant.

Epstein Becker & Green, P.C., New York (David W. Garland of counsel), for appellant.
Schwartz Perry & Heller LLP, New York (Brian Heller of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered October 19, 2023, which denied defendant's motion for summary judgment dismissing plaintiff's complaint for disability discrimination and failure to accommodate under the New York City Human Rights Law (City HRL), unanimously affirmed, without costs.
Defendant is not entitled to summary judgment on plaintiff's claims that defendant failed to provide a reasonable accommodation for her dyslexia or to engage in a cooperative dialogue (see Estate of Benitez v City of New York, 193 AD3d 42, 48 [1st Dept 2021], lv denied 37 NY3d 906 [2021]; Administrative Code of City of NY §§ 8-107[15][a], [28][a]). Plaintiff repeatedly told her supervisors that her dyslexia made writing social media copy difficult for her. Defendant's awareness of plaintiff's disability triggered a duty to engage plaintiff "in a good faith interactive process to assess [her] needs" and potential accommodations, "even in the absence of a specific request" (Estate of Benitez, 193 AD3d at 48). Plaintiff and her supervisors discussed the possibility of limiting her time writing copy, but, viewing the record in the light most favorable to plaintiff, there are issues of fact regarding the extent to which defendant actually considered accommodating plaintiff with a proofreader for her copy or other suitable accommodation (Hosking v Memorial Sloan-Kettering Cancer Ctr., 186 AD3d 58, 60 [1st Dept 2020]). Defendant does not argue that providing plaintiff with a proofreader would have created an undue hardship for defendant (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 834 [2014]).
Issues of fact also preclude summary judgment on plaintiff's claim that she was terminated because of her disability. Plaintiff was terminated two days after she submitted a written request for an accommodation. Defendant offered evidence that it terminated plaintiff for the legitimate, nondiscriminatory reasons that plaintiff had missed deadlines, was unresponsive, and used an inappropriate tone and language with her colleagues. However, plaintiff's evidence creates issues of fact as to whether her disability was a motivating factor in her termination (see Hamburg v New York Univ. Sch. of Medicine, 155 AD3d 66, 73 n 7 [1st Dept 2017]). Although there is evidence that defendant had already made the decision to terminate plaintiff when she submitted her written request, plaintiff's supervisor wrote that the decision was based in part on plaintiff's "mandate around [her] responsibilities," which a reasonable jury could interpret as referring to plaintiff's requests for an accommodation (see Ramos v Metro-North Commuter R.R., 194 AD3d 433, 433-434 [1st Dept 2021]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024